IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT KEVIN COX                      §
(TDCJ No. 1743597),                   §
                                      §
            Petitioner,               §
                                      §
V.                                    §            No. 3:15-cv-330-M-BN
                                      §
LORIE DAVIS, Director                 §
Texas Department of Criminal Justice, §
Correctional Institutions Division,[1]§
                                      §
            Respondent.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Kevin Cox, a Texas inmate, has filed an application for writ

of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the

application should be denied.

**Background**

In 2011, an Ellis County jury found Cox guilty of continuous sexual abuse of a

child and indecency with a child, and he was sentenced to consecutive sentences of life

imprisonment without parole and 20 years' imprisonment. *See State v. Cox*, Nos.

34180CR & 34182CR (40th Dist. Ct., Ellis Cnty., Tex.). His convictions and sentences

were affirmed on appeal. *See Cox v. State*, Nos. 10-11-00370-CR & 10-11-00371-CR,

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas Department of Criminal Justice, Correctional Institutions Division, and, as his successor, she is "automatically substituted as a party." FED. R. CIV. P. 25(d).

2013 WL 3770949 (Tex. App. – Waco July 18, 2013, no pet.).

Although he petitioned the Texas Court of Criminal Appeals (the "CCA") to extend the time in which to file a petition for discretionary review ("PDR") as to each conviction and sentence, no PDR was filed in either case. *See Cox v. State*, PD-1124-13 & PD-1125-13 (Tex. Crim. App.).

But Cox did challenge both convictions and sentences through state habeas applications, and the CCA denied his writ as to the continuous-sexual-abuse conviction, without a written order on the findings of the trial court made without a hearing, *see Ex parte Cox*, WR-82,205-01 (Tex. Crim. App. Nov. 5, 2014), and also denied, without a written order, his writ as to the indecency-with-a-child conviction, *see Ex parte Cox*, WR-82,205-02 (Tex. Crim. App. Nov. 5, 2014).

In his timely-filed federal habeas application, Cox asserts three claims of ineffective assistance of trial counsel.

## Legal Standards

Review of State Court Adjudications

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g., Dowthitt*, 230 F.3d at 756-57 (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]" under "28 U.S.C. § 2254(d)").

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby*, 359 F.3d at 713; *see also Lopez v. Smith*, 574 U.S. ___, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)

(citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. ___, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to

meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e) (1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274

F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

Review of Sixth Amendment Claims

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland*" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))).

Under *Strickland*, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

-6-

Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011). "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S.

at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland. See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101; *see also Woods v. Etherton*, 578 U.S. ____, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 134 S. Ct. at 17, 13)).

## Analysis

The Court should deny Cox's three Sixth Amendment claims based on the alleged constitutionally ineffectiveness of counsel.

Cox first asserts that his trial counsel was constitutionally ineffective because counsel failed to challenge the constitutionality of Texas Penal Code Section 21.02 (Texas's continuous-sexual abuse statute), an issue that Cox raised for the first time on appeal, asserting that the statute "is unconstitutional as applied in his case under

the federal due process clause of the Fourteenth Amendment and under the Texas Constitution's due course of law provision," *Cox*, 2013 WL 3770949, at *1 ("The constitutionality of a statute as applied must be raised in the trial court to preserve the complaint for appeal. Because Cox raises his issues challenging the constitutionality of section 21.02 for the first time on appeal, we hold that he has forfeited his complaints." (citations omitted)).

It is not at all clear that this claim has been exhausted, but, because "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(2), the Court nevertheless should address this claim.

And the claim should be denied because, as another judge of this Court has noted, the statute is constitutional. *See Henry v. Stephens*, No. 4:13-cv-985-O, 2014 WL 4744671, at *6 (N.D. Tex. Sept. 24, 2014) (quoting the conclusion of the state appellate court: "In sum, the various acts of sexual abuse enumerated in Section 21.02(c) are not elements of the crime of continuous sexual abuse of a child, but are merely the means by or the manner in which one commits the offense. Section 21.02 therefore does not violate the constitutional requirement of jury unanimity by permitting jurors to convict even if they do not agree unanimously on which specific acts of sexual abuse the defendant committed. Moreover, since the acts listed in Section 21.02(c) are morally equivalent and conceptually similar, Section 21.02 does not deny a defendant due process and due course of law simply because it permits jurors to convict while disagreeing on the manner and means of commission of the offense."); *see also Byrne*

-10-

*v. State*, 358 S.W.3d 745, 751 (Tex. App. – San Antonio 2011, no pet.) ("[T]he federal constitution grants neither a fundamental right to have sex with minors, nor an absolute prohibition against strict liability criminal statutes. On the contrary, when it comes to protecting children from sexual abuse, federal courts have consistently held strict liability penal statutes to be valid exercises of state power." (citations omitted)).

Counsel therefore cannot render constitutionally-deficient representation by failing to raise a frivolous objection. *See, e.g., Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

Cox next claims that counsel was ineffective for failing to object to the reliability of the testimony of Dr. Robert Williams, a practicing dentist and forensic odontologist, whose trial testimony was offered as evidence "to determine[, the victim's] age using her dental x-rays." *Cox*, 2013 WL 3770949, at *3

> The x-rays were taken on November 3, 2010. Dr. Williams concluded that the "mean" age of [her] teeth was 15.35 years old, that there was a ninety-two percent chance that her age fell within the range of 12.11 and 18.59 years old, and that there was a sixty-six percent chance that her age fell within the range of 13.85 and 16.85 years old. Dr. Williams stated that he was "comfortable" that the development of her teeth put her in the 13.85 to 16.85 age range.

*Id.*

On habeas review, Cox claims that counsel erred by not objecting to Dr. Williams's testimony on the basis that the testimony was unreliable due to an error potential of 6.60 percent, an issue he also raised on direct appeal, *see id.* ("Cox contends that Dr. Williams's testimony was inadmissible because it was unreliable. More

specifically, Cox [ ] argues that '[t]he science Dr. Williams used to derive an estimated age range for the victim has an error potential of 6.60 percent' and that '[a]n error rate of 6.60 percent is too high to be considered reliable in court and constitutes an abuse of discretion in the admission of such evidence.'"). Counsel did indeed object to Dr. Williams's testimony at trial, *see id.* at \*4, but it does not appear that, at the trial, counsel made the objection as Cox now frames it. Regardless, Cox fails to show that had this objection been made in the manner that Cox now asserts that it should have been made, it would have been sustained and, moreover, that, had it been sustained, there is a reasonable probability that the result of his trial would have been different.

Finally, Cox argues that his counsel failed to inform him that the continuos-sexual-abuse charge carried a 25-year minimum sentence and that the two sentences could be ordered to run consecutively and asserts that, had counsel advised him of these risks, he would have accepted a 15-year plea bargain and not proceeded to trial. The state habeas court obtained the affidavit of Cox's counsel, who testified that he conveyed all plea offers to Cox, that he advised Cox of both risks, and that Cox told counsel "that he would not accept any plea offer and wanted to go to trial." Dkt. No. 13-19 at 212. The state court found counsel to be a credible witness, rejected Cox's assertions, and concluded that counsel was not ineffective as to this claim. *See id.* at 216-18.

While "the Sixth Amendment protects against, and remedies, the rejection of favorable plea offers for want of effective assistance of counsel," *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) (citing *Lafler v. Cooper*, 566 U.S. ____, 132 S.

Ct. 1376 (2012); *Missouri v. Frye*, 566 U.S. ____, 132 S. Ct. 1399 (2012))), to establish *Strickland* prejudice as to such a claim, a habeas petitioner must show "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., *that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances),*" *Arnold v. Thaler*, 484 F. App'x 978, 980 (5th Cir. 2012) (per curiam) (quoting *Lafler*, 132 S. Ct. at 1385; emphasis added).

The state habeas court concluded, particularly in light of counsel's credible testimony, that Cox failed to make this showing – that he would have accepted the plea – and Cox fails to show now that such conclusion "amounted to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)).

### Recommendation

The Court should deny the application for writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 7, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE